UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ROBERT J. WILTSE,

     *Plaintiff,*

     *v.*

PORTAGE COUNTY, JACOB WILLS,
NICOLE LUKAS AND LOUIS MOLEPSKE,

     *Defendants.*

Case No. 3:23-cv-33

## COMPLAINT

Plaintiff Robert J. Wiltse by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, state as follows:

### INTRODUCTION

1. This is a lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Robert Wiltse's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. On 25 February 2020, after arresting Wiltse, Portage County Sheriff's Department Deputy Connor Selvey ordered a phlebotomist to draw Wiltse's blood against his will, without a warrant and without any valid exception to the warrant requirement. Portage County District Attorney Louis Molepske, Portage County Sheriff's Department Sergeant Nicole Lukas and Portage County Lieutenant Jacob Wills knew that Selvey was transporting Wiltse to the hospital for a non-consensual blood draw and they

each had the opportunity and duty to intervene to prevent the unconstitutional blood draw, but failed to do so.

3. Plaintiff seeks actual or compensatory damages against Defendants, and because they acted recklessly and/or with callous indifference to the federally protected rights of Plaintiff, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). Defendant Portage County is located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Robert J. Wiltse is an adult who resides in Portage County, Wisconsin.

7. Defendant Portage County is a political subdivision of the state of Wisconsin and is and/or was the employer of the individual Defendant Nicole Lukas and Jacob Wills and are required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

8. Defendant Jacob Wills was, at the time of this occurrence, employed as lieutenant in the Portage County Sheriff's Department. At all times relevant to this

2

action, Defendant Wills engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the Portage County and was acting under color of state law, ordinance, and/or regulation. This Defendant is sued in his individual capacity.

9. Defendant Nicole Lukas was, at the time of this occurrence, employed as sergeant in the Portage County Sheriff's Department. At all times relevant to this action, Defendant Lukas engaged in the conduct complained of while she was on duty and in the course and scope of her employment with the Portage County and was acting under color of state law, ordinance, and/or regulation. This Defendant is sued in her individual capacity.

10. Defendant Louis Molepske was, at the time of this occurrence, employed as the Portage County District Attorney. At all times relevant to this action, Defendant Molepske engaged in the conduct complained of while he was in the course and scope of his employment as the Portage County District Attorney and was acting under color of state law, ordinance, and/or regulation. This Defendant is sued in his individual capacity.

**FACTS**

11. On 25 February 2020, at 11:55 p.m., Portage County Sheriff's Department Deputy Selvey arrested Wiltse inside his home for disorderly conduct.

12. Defendant Portage County Sheriff's Department Sergeant Nicole Lukas conducted a recorded interview inside Wiltse's home and said "we're going to try, and I

think, withhold his bond and then do that armed while intoxicated and see if he'll either do the breathalyzer of if we are going to have to get a warrant."

13. Defendant Nicole Lukas knew that to lawfully obtain an evidentiary blood alcohol sample from Wiltse that the police were either going to need consent from Wiltse or a search warrant from a judge.

14. Selvey transported Wiltse to the Portage County Jail in his squad car.

15. At the Portage County Jail, Wiltse voluntarily provided a PBT (portable breath test) sample resulting in blood alcohol concentration of .17

16. Defendant Lukas told Wiltse that because of the armed while intoxicated charge, they wanted to collect an evidentiary sample of Wiltse's blood to determine his blood alcohol concentration.

17. Wiltse refused to voluntarily provide an evidentiary blood sample and told Lukas that they would need to get a warrant to draw his blood.

18. Lukas indicated to Wiltse that they were going to take him for a blood draw whether he consented or not.

19. At the time of Wiltse was being held in the jail, the Portage County Sheriff's Department had a working evidentiary breath alcohol testing machine in the Sheriff's Department, but no one ever asked Wiltse if he would consent to performing an evidentiary breath alcohol test.

20. Portage County Sheriff's Department Lieutenant Jacob Wills called the Portage County District Attorney, Louis Molepske to discuss performing a non-consensual warrantless blood draw on Wiltse due to exigent circumstances.

4

21. Lieutenant Wills and District Attorney Molepske agreed that it would be okay to perform a non-consensual warrantless blood draw on Wiltse due to exigent circumstances.

22. Defendant Selvey transported Wiltse to the Aspirus Hospital in Steven's Point, Wisconsin to have a phlebotomist draw an evidentiary sample of his blood.

23. Wiltse specifically told Selvey that Selvey would need to get a search warrant to draw his blood and Selvey responded to Wiltse that he did not need a search warrant.

24. Despite Wiltse's refusal, Selvey ordered a phlebotomist to draw Wiltse's blood.

25. At Selvey's orders, a phlebotomist drew Wiltse's blood at approximately 1:42 a.m., approximately 1 hour and 47 minutes after he was arrested, without Wiltse's consent, without a warrant and without any valid exception to the warrant requirement.

26. At no point did any defendant even attempt to get a search warrant to draw Wiltse's blood.

27. Defendant Selvey wrote in his police report that "Due to the exigent circumstances (the lowering of Robert's BAC), the sample was obtained without a warrant."

28. At the time this incident occurred, all defendants knew that the lowering of someone's blood alcohol concentration, by itself, did not create an exigent circumstance that would allow law enforcement to conduct a non-consensual warrantless blood draw.

29. Wiltse was subsequently criminally charged in Portage County Case Number 2020CM000075.

30. In Portage County Case Number 2020CM000075, Wiltse's criminal defense attorney filed a Motion to Suppress alleging that Selvey violated Wiltse's Fourth Amendment rights by conducting a non-consensual blood draw without a warrant and without any valid exception to the warrant requirement.

31. After an evidentiary motion hearing, Portage County Circuit Court Judge Robert Shannon granted Wiltse's Motion to Suppress and concluding that that Selvey violated Wiltse's Fourth Amendment rights by conducting a non-consensual blood draw without a warrant and without any valid exception to the warrant requirement.

### COUNT I
**42 U.S.C. § 1983 Claim for Unlawful Search and Seizure / Failure to Intervene**

32. Plaintiff realleges and incorporates by reference all of the allegations in all of the preceding paragraphs.

33. The actions of Defendant Molepske, Wills and Lukas in instructing or agreeing to have a sheriff's deputy order a phlebotomist draw Wiltse's blood against his will without a warrant, and without any other permissible lawful reason to do so, and/or intentionally failing to prevent said abuse, despite having the opportunity and duty to do so, violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42. U.S.C. § 1983.

34. The Defendants knew there were not exigent circumstances, such as a medical emergency or a pressing need to timely preserve evidence, and still ordered the unlawful blood draw.

6

35. Molepske, Wills and Lukas acted recklessly and/or with callous indifference to the federally protected rights of Plaintiff.

36. As a direct and proximate result of these Defendants unlawful action, Plaintiff has suffered, and will continue to suffer damages.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Molepske, Wills and Lukas and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that Portage County and the State of Wisconsin are liable to defend this action against Defendants Wills, Lukas (Portage County) and Molepske (State of Wisconsin) and to satisfy any judgment entered against their employee(s), by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: January 11, 2023

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
James Odell
  Wisconsin Bar No. 1131587
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
James@StrangBradley.com

Attorneys for Plaintiff